IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| STATE OF MARYLAND                : | |
| CENTRAL COLLECTION UNIT          : | |
|                                  : | |
| v.                               : | Civil No. WMN-06-2820 |
|                                  : | |
| SPORTEXE, A/K/A SPORTEXE         : | |
| CONSTRUCTION SERVICES, INC.      : | |

**MEMORANDUM**

Before the Court is the motion of Plaintiff, the Maryland Central Collection Unit (CCU), to remand this action to the Circuit Court for Baltimore City, Maryland.  Paper No. 7. Defendant has opposed the motion, and it is now ripe for decision.  Upon review of the pleadings and the applicable case law, the Court has determined that no hearing is necessary and that Plaintiff's motion will be granted.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

This action arises out of a contract between Sportexe and the Maryland Environmental Service (MES) for the sale "crumb rubber," a recycled tire product utilized in sports field projects.  A Maryland statute provides CCU with collection responsibilities for delinquent accounts held by the state or any of its officials or units.  Md. Code Ann., State Fin. & Proc. § 3-302.  On behalf of MES, CCU filed the instant complaint alleging that Sportexe failed to make full payments in accordance with the terms of the underlying contract.  In response to the complaint, on October 26, 2006, Sportexe removed this case to the United States District Court for the District of Maryland pursuant to 28 U.S.C. § 1441.

**II. DISCUSSION**

Section 1441 of title 28 allows removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]"  Generally, the defendant has the burden of demonstrating federal jurisdiction.  Md. Stadium Auth. v. Ellerbe Becket Inc., 407 F.3d 255, 260 (4th Cir. 2005).  Due to federalism concerns, removal statutes are strictly construed and all doubts will be resolved against removal.  Id.

Sportexe claims that original jurisdiction would be appropriate in this Court pursuant to 28 U.S.C. § 1332(a)(1), which provides federal jurisdiction for civil actions between citizens of different states where the amount in controversy exceeds $75,000.  A state, however, is not a citizen for diversity purposes.  Moore v. Alameda County, 411 U.S. 693, 717 (1973).  Likewise, where a party is an "arm or alter ego of the state," jurisdiction based on diversity of citizenship does not lie.  State Highway Comm'n of Wyoming v. Utah Constr. Co., 278 U.S. 194, 199 (1929).

Here, Sportexe does not oppose CCU's contention that it is an arm of the state, not a citizen, and that, therefore, no diversity jurisdiction exists between itself and CCU.  Rather, Sportexe argues that "the true plaintiff in the case is MES who . . . is not an arm of the state."  Opp'n 1.  In formulating its argument, Sportexe employs the four factor analysis used by the United States Court of Appeals for the Fourth Circuit in

determining whether an entity is an arm or alter ego of the state.  See Cash v. Granville County Bd. of Educ., 242 F.3d 219, 223-25 (4th Cir. 2001) (articulating standards for determining whether an entity is an arm of the state for purposes of sovereign immunity).  Under that analysis, the Court first addresses the most important consideration, "whether a judgment against the governmental entity would have to be paid from the State's treasury."  Id. at 223 (noting that "it is because the State treasury factor may be dispositive that it is primary").  The three additional factors for consideration include "(1) the degree of control that the State exercises over the entity or the degree of autonomy from the State that the entity enjoys; (2) the scope of the entity's concerns - whether local or statewide - with which the entity is involved; and (3) the manner in which State law treats the entity."  Id. at 224; see also Md. Stadium Auth., 407 F.3d at 260-61 (applying the four factors for purposes of diversity jurisdiction).

    Here, even assuming that MES can be properly considered the plaintiff, remand remains appropriate.  See Coastal Holding & Leasing, Inc. v. Md. Envtl. Serv., 420 F. Supp. 2d 441, 447 (D. Md. 2006) (holding "that MES is entitled to sovereign immunity and is not a citizen of the State of Maryland for the purposes of diversity jurisdiction").  Applying the four factors articulated by the Fourth Circuit, it is clear that MES, like CCU, is a state entity.  First, with respect to the state treasury factor, "[w]ere a court of law to enter a judgment against [MES] . . .

the Governor [of Maryland] would be obliged to include money in the budget bill to satisfy the judgment[.]" Id. at 445 (internal quotations omitted).  Second, in considering the degree of control over MES exercised by the State, it is clear that MES is subject to extensive governmental oversight.  Id. at 446 (noting, among other factors, that the director of MES and several of its board members are appointed by the Governor of Maryland, and that it is required to submit a budget and annual financial reports to the State).  Third, with respect to its scope of concern, "MES has a statewide mission to manage and improve Maryland's waste and water management systems . . . its function cannot be considered local[.]"  Id. at 447.  Finally, state law specifies that "[MES] is an instrumentality of the State and . . . the exercise by [MES] of the powers conferred by this subtitle is the performance of an essential governmental function of the State." Md. Code Ann., Nat. Res. § 3-103(a).  Thus, because both MES and CCU are arms of the state, they cannot be citizens of the state for purposes of diversity jurisdiction.  State Highway Comm'n of Wyoming, 278 U.S. at 199.

### III. CONCLUSION

For the above stated reasons, Plaintiff's Motion for Remand will be GRANTED.  A separate order consistent with this memorandum will follow.

                              _____/s/_____
                              William M. Nickerson

4

                                                Senior United States District Judge

Dated: March 20, 2007